| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | CASE NO. 4:09-CR-57 |
| | § | Judge Folsom |
| DAXO MORALES-ROSALES (38) | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On February 23, 2010, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motion to Suppress Evidence be granted.

On March 1, 2010, the Government filed objections to the Magistrate Judge's report. The Government argues that the stop of Defendant was supported by reasonable suspicion. The Government states that "[t]he totality of the circumstances surrounding the stop of the [D]efendant's van, including the known characteristics of the area and information about the illegal trafficking of aliens there, the agent's previous experience in detecting illegal activity, the particular aspects or characteristics of the [D]efendant's van, the behavior of the driver, and other factors noted above supported far more than a mere hunch" and "[w]hen considered in their entirety, the circumstances here justified stopping the [D]efendant."

The Government states that the Magistrate Judge used the term "stoic" in the report and recommendation in reference to Agent Deville's testimony that Defendant's "posture appeared rigid." The Government points out that the term "stoic" was used in *United States v. Alvarado*, 635 F. Supp.2d 586 (W.D. Tex. 2009), which was cited in the report and recommendation. The Government further states that "[t]he court in *Alvarado* seemed to equate 'stoic' with 'nervous.'" The Government is incorrect. The Government argued in *Alvarado* that law enforcement had reasonable suspicion to pull over a vehicle, based, in part, on the individuals in the vehicle looking "stoic or nervous." *Alvarado*, 635 F. Supp.2d at 589. The Court in *Alvarado* stated that a person cannot, by definition, be both "stoic" and "nervous." *Id*. at 592. If the Government is arguing that

the Magistrate Judge considered the Defendant in this case to be exhibiting "nervous" behavior, then that is an incorrect assessment of the report and recommendation and an incorrect reading of the holding in *Alvarado*.

The Government also argues that the Magistrate Judge incorrectly "discussed each fact in isolation and focused in large part on whether an innocent explanation for that fact existed." Stating that there is a legitimate explanation for a fact does not mean the Magistrate Judge considered each fact in isolation. The Fifth Circuit has assigned varying degrees of weight to individual pieces of evidence and still considered that evidence in the totality of the circumstances when determining reasonable suspicion. *See, e.g., United States v. Rangel-Portillo*, 586 F.3d 376, 381 (5th Cir. 2009) ("[w]hether a driver looks at an officer or not should not be accorded much weight"). It is clear from the report that the Magistrate attached varying weights to each piece of evidence and then considered all of the evidence in totality in making a final recommendation on reasonable suspicion.

The Government argues that the Fifth Circuit has found reasonable suspicion in cases with facts analogous to this one, citing *United States v. Chavez-Chavez*, 205 F.3d 145 (5th Cir. 2000). The Government points out that in *Chavez-Chavez*, a stop occurred more than 150 miles from the border, the stop occurred early in the morning, the stop was of a van, and the stop occurred on a known smuggling route. The Court agrees that these facts are similar to the facts in this case, however the Court disagrees with the Government that the situation here is analogous to *Chavez-Chavez*. In *Chavez-Chavez*, the officers observed the individuals in the van to be "dirty and disheveled, which has been considered reasonably suspicious in prior cases." *Chavez-Chavez*, 205 F.3d at 149. There is no evidence in the record that Agent Deville made a similar observation.

The Government argues that the Court in *Chavez-Chavez* "emphasized the fact that the van looked like others the agents had seen transporting aliens, noting that it was 'the agents' experience' that smugglers often carry illegal aliens in vans like the one stopped." The Court agrees that the Fifth Circuit, in *Chavez-Chavez,* makes this statement; however, the Court is referring to the fact that "the van appeared to have modified suspension to prevent it from sagging...[that] would prevent the van from appearing weighted down even if it were carrying a heavy load of people or contraband."

*Id*. There is no evidence in the record that the van in question here had modified suspension. Therefore, the Court cannot agree with the Government that *Chavez-Chavez* is analogous to the present case.

The Court, having made a *de novo* review of the objections raised by the Government, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Specifically, the Court finds that the report and recommendation of the Magistrate Judge is correct in stating that the agent did not have reasonable suspicion, based upon a totality of the circumstances, to stop Defendant's vehicle. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court. It is accordingly

**ORDERED** that Defendant's Motion to Suppress Evidence (Dkt. #481) is **GRANTED.**

**SIGNED this 9th day of March, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE